UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

       Mark Uvaydov,                       Chapter 13
                                              Case No. 105-29306-JF

                    Debtor.
------------------------------------------------------------x

### DECISION AND ORDER VACATING AUTOMATIC STAY AND DENYING STAY PENDING APPEAL

JEROME FELLER
United States Bankruptcy Judge

APPEARANCES

Mark Uvaydov
Pro Se Debtor
62-10 99 Street
Apt. 2G
Rego Park, New York 11374

Kiyam J. Poulson, Esq.
Drukman & Sinel, LLP
242 Drexel Avenue
Westbury, New York 11590
Attorney for Secured Creditor, Yael Bar-Shov

Marianne DeRosa, Chapter 13 Trustee
100 Jericho Quadrangle, Suite 208
Jericho, New York 11753

      Before the Court is a motion by Yael Bar-Shov ("Secured Creditor"), seeking relief from the automatic stay to proceed with a mortgage foreclosure on certain real property owned by Mark Uvaydov, the Debtor herein ("Motion"). The Debtor opposes the Motion and in apparent anticipation of the Motion being granted, he includes in his opposition papers a request for a stay pending appeal. For the reasons hereinafter set forth, the Motion is granted and the request for a stay pending appeal is denied.

## I.

Debtor is the record owner of a single-family house and lot commonly known as 75-47 187th Street, Flushing, New York 11366 ("Property"). The Property is not his primary residence. It is encumbered by two mortgages. A first mortgage in the original amount of $306,000.00 and a second mortgage in the original amount of $217,859.00. The first mortgage requires a monthly installment payment of $2,429.19 and the second mortgage a monthly installment payment of $2,360.14. The first mortgage was obtained by Community Home Mortgage Corporation on September 16, 1998, and recorded on November 24, 1998. The first mortgage was subsequently assigned several times and is presently owned and held by Secured Creditor, who took the mortgage by assignment on March 4, 2004. Secured Creditor also holds and owns the second mortgage, which mortgage was originally obtained by Secured Creditor on September 17, 1998, recorded on November 24, 1998 and never assigned.

On October 7, 2005, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code. The petition was filed *pro se* and the Debtor has prosecuted his Chapter 13 case with vigor ostensibly as a *pro se*.[1] The petition was skeletal, consisting of a two page form signed by the Debtor and a creditor matrix. The creditor matrix listed a single creditor, Liquidation Properties, Inc., ("Liquidation"). Liquidation is an entity that was a previous holder and owner of the first mortgage which was ultimately assigned to Secured Creditor in 2004. The petition was otherwise devoid of any factual

---

[1] It is unclear why the Debtor has not engaged the services of counsel. In Schedule I, the Debtor reports that he is a self-employed limousine driver with annual income that computes out to $138,000 per year. (Docket #7). On its face, it would seem that he has the resources to retain counsel in a Chapter 13 case. In any event, the Debtor does receive assistance by, among others, a relative that is a law student who prepares the documents filed by the Debtor in this case.

information.  On November 28, 2005, the Debtor filed late and without court authorization as required by Fed. R. Bankr. P. 1007(c) and 3015(b), the mandated schedules, statement of financial affairs (Docket #7) and Chapter 13 plan (Docket #8).  In his schedules, the Debtor again lists Liquidation as his only creditor and holder of the first mortgage.  Nowhere does the Debtor disclose the existence of Secured Creditor, the holder of the first mortgage since 2004 and the second mortgage since 1998.  Under the Chapter 13 plan,[2] the Debtor proposes to pay the Chapter 13 Trustee $1200 per month for sixty months to repay arrearages on the first mortgage, and to make $2,700 regular monthly mortgage payments on the first mortgage.  Strangely, the curing of arrears and regular monthly payments are to be made to Liquidation and not Secured Creditor, the holder of the first mortgage.  The plan does not even mention the second mortgage.

Secured Creditor filed the Motion on September 7, 2006 to allow her to proceed with foreclosure on the first and second mortgages.  (Docket #28).  The Motion seeks relief pursuant to 11 U.S.C. § 362(d)(1) and in support thereof avers that the Debtor has failed to make any post-petition payments on both mortgages.  An affirmation in support of the Motion states that the Debtor has failed to make any mortgage payments for the 11 month period encompassing November 2005 through September 2006.  As a result, the Debtor owes, as of the date of the Motion, $26,721.09 for post-petition arrears on the first mortgage and $25,961.54 for post-petition arrears on the second mortgage.  Secured Creditor also seeks an additional $1,665.90 for combined late fees, resulting in a total of $54,348.52 of post-petition mortgage defaults.

---

[2] A mistake occurred in the electronic filing of the Chapter 13 plan.  The plan was filed and docketed as Document #8.  However, Document #8 is incomplete.  The remaining pages of the plan were filed as part of Document #7, the Debtor's schedules and statement of financial affairs.

On September 21, 2006, Debtor filed a "certification in opposition" to the Motion. (Docket #32).  Essentially, the opposition requests an adjournment pending receipt by the Debtor of documents for which he obtained the issuance of a subpoena.  The documents are sought in connection with unspecified allegations of fraud, predatory lending practices and mortgage servicing.  The irony is that these charges are made against third parties and not Secured Creditor.  As stated by the Debtor in opposition papers to a motion of the Chapter 13 Trustee to dismiss the case:

> "The fact that a successor in interest [Secured Creditor] was not involved in the negligence or misdeeds of its [sic] predecessor does not mean that I should be barred from raising the issues.  While I feel badly for her position, she must understand that I cannot just go away when I know I was defrauded by her predecessor."  (Docket #26, p.3).

Similarly, the Debtor stated in a notice to produce documents, "I am not saying that Yale [sic] Bar-Shov committed these acts …." (Document #29).

In sum, Debtor does not accuse Secured Creditor of any misconduct.  He does not dispute that Secured Creditor is the owner of the first and second mortgages encumbering the Property.  Nor does he dispute that he failed to make any post-petition payments on these mortgages for the period of November 2005-September 2006.

A hearing on the Motion was held on September 27, 2006.  Secured Creditor appeared by counsel in support and the Debtor appeared, *pro se*, in opposition.  The Chapter 13 Trustee also appeared, taking no position on the Motion.  At the conclusion of the hearing, the Court delivered its ruling from the bench and directed counsel for Secured Creditor to settle an order in conformity with the ruling, i.e., granting the Motion and denying the request for a stay pending appeal.  The proposed order settled by counsel

was unsatisfactory to the Court, necessitating issuance of this Decision and Order.

## II.

Under 11 U.S.C. § 362(d)(1), the bankruptcy court "shall" lift the automatic stay for "cause". Under this provision, the moving party must make an initial showing of cause and upon such a showing, the burden of proof shifts to the party opposing the lift stay motion. *See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1285 (2nd Cir. 1990). Once a prima facie showing of cause is proffered by a creditor seeking relief from the automatic stay, the burden of proof as to whether the automatic stay shall be continued falls upon the debtor. *See* 11 U.S.C. § 362(g)(2).

While the term "cause" is not defined in the Bankruptcy Code and the legislative history sheds little light on its meaning, it is well established under decisional law that a debtor's failure to make post-petition mortgage payments in bankruptcy rehabilitation proceedings can constitute cause for relief under § 362(d)(1). *See, e.g., Ellis v. Parr (In re Ellis)*, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985) (affirming bankruptcy Judge's determination that failure to make post-petition payments constitutes cause for terminating stay in a Chapter 13 case); *Equitable Life Assurance Soc'y v. James River Assocs. (In re James River Assocs.)*, 148 B.R. 790, 797 (E.D.Va. 1992) (holding that continued failure to make monthly payments under loan documents in a Chapter 11 case constitutes cause for granting relief from automatic stay); *In re Davis*, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986) (holding that failure to make post-petition mortgage payments warranted lifting the automatic stay in a Chapter 13 case).

The Debtor's failure to pay in excess of $50,000 of post-petition mortgaged

payments over an eleven month period constitutes more than ample cause to lift the automatic stay in a Chapter 13 case. Clearly, Secured Creditor has made a *prima facie* showing of cause for relief from the automatic stay. On the other hand, the Debtor has failed to satisfy his ultimate burden of proof under § 362(g)(2) to rebut Secured Creditor's demonstration of cause under § 362(d)(1) and to support a continuation of the automatic stay. The Debtor submits no authority for the proposition that allegations of misconduct, particularly against third parties, suspend the obligation of a Chapter 13 debtor to make post-petition mortgage payments.

## III.

In order to obtain a stay pending an appeal under Fed. R. Bankr. P. 8005, the moving party must demonstrate, i) a strong likelihood of success on the merits of the appeal; ii) irreparable harm if the stay is denied, iii) that no substantial harm will be suffered by others if the stay is granted; and iv) that no harm to the public interest, if it is implicated, will be caused by granting the stay. *See In re Advanced Mining Sys., Inc.*, 173 B.R. 467, 468 (S.D.N.Y. 1994). Failure to satisfy any one of these criteria for a stay pending appeal dooms the request. *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 271 (S.D.N.Y. 2004).

In our view, the Debtor has no likelihood of success on the merits of appeal. Moreover, and perhaps more importantly, a stay pending appeal in this case flies in the face of the public interest in the integrity of the bankruptcy process. Indeed, we believe that a stay pending appeal would constitute a judicial imprimatur of a misuse of the bankruptcy process.

This Debtor filed a Chapter 13 petition which failed to identify the current holder

of the mortgages on the Property, proposes a Chapter 13 plan to make payments to an entity that has not held the mortgages on the Property for years, and has defaulted *in toto* on his post-petition mortgage payments.  It is patent from the foregoing, and the steps taken by the Debtor throughout this Chapter 13 case, that the Debtor has an agenda and that agenda is not confirmation and implementation of a Chapter 13 plan.  The Debtor's scheme is little more than a transparent strategic ploy to impermissibly use the bankruptcy court as a forum to litigate claims which may be asserted, if at all, in the state court forum, and the automatic stay is the anchor of that ploy.

This Court has a duty to preserve and protect the systemic integrity of the bankruptcy process.  One of the ways a bankruptcy court preserves its processes is by refusing to condone its abuse.  The Debtor's request for a stay pending appeal is an invitation to condone an abuse of the bankruptcy process.  We decline the invitation.

## IV.

Based on all of the above, the Motion is granted and Secured Creditor is permitted to proceed forthwith with foreclosure of the Property.  The ten day stay provided by Fed. R. Bankr. P. 4001(a)(3) is hereby waived and the Debtor's request for a stay pending appeal is denied.

## IT IS SO ORDERED.

Dated: Brooklyn, New York
      October 17, 2006

S/Jerome Feller
Jerome Feller
United States Bankruptcy Judge
